NO. 07-10-00212-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



APRIL
29, 2011

 



 

REBECCA TERRELL AND

CHANDRASHEKHAR THANEDAR, APPELLANTS

 

v.

 

PAMPA INDEPENDENT SCHOOL DISTRICT, APPELLANT 



 



 

 FROM THE 223RD DISTRICT COURT OF
GRAY COUNTY;

 

NO. 35621; HONORABLE LEE WATERS, JUDGE



 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

OPINION

Appellants, Rebecca Terrell and
Chandrashekhar Thanedar,[1]
are appealing the granting of a summary judgment in favor of PISD, Pampa
Independent School District, regarding appellants’ action alleging violations
of the Texas Open Meetings Act (TOMA)[2]
and a request to void all actions of PISD taken as a result of alleged illegal
meetings.  We will reverse and remand.

 

Factual and Procedural Background

Appellant Terrell was a first-year
teacher in the PISD whose probationary contract of employment was terminated by
action of the PISD School Board on March 26, 2009.  On May 29, 2009, appellants filed their
original petition alleging numerous violations of TOMA and requesting that the
trial court issue a temporary restraining order against PISD, issue a temporary
and permanent injunction against PISD, and enter an order declaring that all
meetings of the School Board held between certain specified dates to be void
and that all actions taken by the School Board at those meetings to be void,
specifically identifying the termination of Terrell’s employment.  Further, appellants requested that the trial
court enter a writ of mandamus ordering the School Board to reinstate
Terrell.  Appellants requested an
unspecified amount of damages, costs of court, and attorneys fees.  PISD duly filed an answer to the allegations
contained in appellants’ original petition. 


Appellants obtained a setting for a
hearing on the application for a temporary injunction and, in connection with
the setting, caused to be issued a subpoena
duces tecum for PISD employee, Karen Linder.  PISD filed an objection to the subpoena duces tecum and to certain of
the documents requested.  Appellants
subsequently filed a motion to “show cause and strike defendant’s original
answer.”  The trial court granted PISD’s
objections to the subpoena duces tecum
and denied appellants’ motion to show cause and strike PISD’s original answer
by order dated June 10, 2009.  After the
trial court refused to enter a temporary restraining order, appellants
requested the trial court to vacate a setting on the temporary injunction.  

On June 15, 2009, appellants filed a
traditional motion for summary judgment and a no-evidence motion for summary
judgment.  See Tex. R. Civ. P. 166a; 166a(i).  After PISD had filed a response to the
motions, appellants subsequently filed objections to PISD’s summary judgment
evidence.  The trial court denied
appellants’ motion for summary judgment by order dated October 12, 2009.  Appellants then filed a motion requesting the
trial court to reconsider its ruling on the summary judgment and to enter a ruling
on appellants’ objections to PISD’s summary judgment evidence.  The trial court denied both the motion to
reconsider and the objections to PISD’s summary judgment evidence by order
dated December 23, 2009.  On that same
day, PISD filed a traditional and no-evidence motion for summary judgment.  On May 14, 2010, the trial court granted
PISD’s motion for summary judgment without specifying upon which ground the
motion was granted.  

Appellants appeal the order of the
trial court, asserting an extensive number of reasons why the trial court’s
judgment was in error.  The issues
presented may be broken down into allegations that the trial court erred in not
finding that PISD violated the provisions of TOMA regarding: 1) posting of
notice of meetings, 2) requirements for specificity in the notice of meetings and
the place of the meetings, 3) internet posting provisions, 4) requirement that
all deliberations of the type involved be held in a public meeting, 5)
allegations that the notices posted were not posted by a person with authority
to post notices of meetings. In addition to the alleged violations of TOMA,
appellants allege that the trial court erred in: 6) ruling on various
objections to some of PISD’s summary judgment evidence, 7) in granting PISD’s
motion for summary judgment, and 8) in denying appellants’ motion for summary
judgment.  Because one of the issues
appellants raise regarding violations of TOMA is dispositive of this matter, we
will address it first.

Standard of Review

We review the granting or denial of a
motion for summary judgment de novo.  See Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). 
When both parties file a motion for summary judgment, as in this case,
and one is granted and one is denied then we, as the reviewing court, must
determine all questions presented and render the judgment that should have been
rendered by the trial court.  See HCBeck,
Ltd. v. Rice, 284 S.W.3d 349, 352 (Tex. 2009).

Internet Posting of Notices

TOMA requires a school district,
among other governmental bodies, to concurrently post notice of a School Board
meeting on the school district’s internet website.  Tex.
Gov’t Code Ann. § 551.056(b) (West 2010).[3]  Section 551.056 provides that a good faith
attempt to comply with the requirements is not affected when the failure to
comply with the requirement is due to a technical problem beyond the control of
the school district.  § 551.056(d). 

The record before us clearly
demonstrates that, for the period of time between January 15, 2009, and May 19,
2009, the notices of the School Board meetings could not have been posted on
the PISD website.  Further, summary
judgment evidence proves that the failure to post was due to a cutting of the link
between the software program used to post the notices, BoardBook, and the
website.  PISD contends, through Linder’s
affidavit, that, although the link was cut to the website, the notices
continued to be posted as required.  They
simply did not appear on the website.  

According to PISD’s theory, the
failure to post was due to a technical problem beyond its control and,
therefore, PISD’s failure to post is excused under the good faith exception of
the statute.  Appellants, however,
contend that the missing notices, when produced by PISD, reflect that they were
“created” not around the time of the original meeting, but after PISD was
notified of the failure of the connection between the software and the
website.  Under appellants’ theory, this
summary judgment evidence establishes a material fact issue regarding the good
faith attempt of PISD to post the notices on its website as required by the
statute.  See § 551.056(d).  

A review of the summary judgment
evidence does, indeed, reflect that the notices in question show to have been
“created” after PISD was notified of the failure to post the required website
notices.  Neither party offered any
summary judgment evidence as to what the term “created,” as it appears under
the properties tab of the notice, means. 
Both parties have opined as to what it means.  Appellants contend it means the notices were
not prepared and entered until after the notification that PISD had failed to
post notices of the School Board meetings as required.  PISD contends “created” means the date the
particular notice was printed for delivery to appellants.  We, however, have no evidence to support
either interpretation.

In our analysis of the summary
judgment under the de novo standard
of review, evidence favorable to appellants must be taken as true and every
reasonable inference must be indulged in favor of appellants.  See Diversicare Gen. Partner, Inc.
v. Rubio, 185 S.W.3d 842, 846 (Tex. 2005). 
Accordingly, we find that there is a material fact issue about whether
PISD actually attempted to post the notices and, therefore, met the good faith
exception to the requirement to concurrently post notices of the School Board
meetings on its website.  

PISD argues that this case is similar
to the allegations in Argyle Indep. Sch. Dist. v. Wolf in which the Fort
Worth court determined that there was no evidence of bad faith on the part of
the school district.  See  234 S.W.3d 229, 248-49 (Tex.App.—Fort Worth
2007, no pet.).  However, in Argyle
the parties had a stipulation of evidence that the webmaster had, in fact,
received the notice of the meeting in question and attempted to post the same
on the school district’s website.  See
id. at 248.  Further, the parties
stipulated that the failure of the notice to appear was beyond the control of
the school district and the problem was corrected a few hours before the
meeting.  See id.  The evidence in Argyle is factually
distinguishable from the summary judgment evidence in this case and does not
control our disposition of this matter.

Conclusion

Because the issue of concurrently
posting notices on the PISD’s website involves a genuine issue of material fact
not established as a matter of law, we reverse the judgment of the trial
court.  We remand this matter for further
proceedings consistent with this opinion.

                                                                                                Mackey
K. Hancock

                                                                                                            Justice











[1]
Appellants are husband and wife.

 





[2]
See
Tex. Gov’t. Code Ann. §§ 551.001-.146
(West 2004 & Supp. 2010).





[3]
Further references to the Texas Government Code
Annotated will be by reference to “section ___”, “Section ___” or “§ ____.”